*1127 TEXTO COMPLETO DE LA SENTENCIA
El recurso de apelación KLAN-2007-00399 se presentó por la parte demandante, Sra. Leonora Díaz Sanabria, como tutora legal del Sr. Juan Antonio Díaz Pintor, contra las partes apeladas Banco Popular de Puerto Rico y otros, el 28 de marzo de 2007. En dicho recurso se solicitó la revocación de la sentencia emitida el 7 de marzo de 2007 y notificada el 16 de marzo de 2007 por el Tribunal de Primera Instancia, Sala de Bayamón (en adelante TPI) en el caso DAC2005-0671 sobre incumplimiento de contrato, deberes fiduciarios y daños y perjuicios. Mediante la referida sentencia, al amparo de la Regla 39.2 (a) de Procedimiento Civil, 32 L. P.R.A. Ap. Ill, R. 39.2 (a), el TPI desestimó la demanda y ordenó el archivo del caso.
La parte apelante a su vez había presentado el recurso de certiorari KLCE- 2006-01749, el 26 de diciembre de 2006, contra la parte apelada, Banco Popular de Puerto Rico y otros. En dicho recurso, la parte allí peticionaria solicitó la revisión de la notificación de la Orden dictada el 17 de noviembre de 2006, notificada el 28 de noviembre de 2006, por el TPI en el caso DAC2005-0671.
Considerados los recursos presentados a la luz del derecho aplicable, resolvemos modificar y confirmar la orden recurrida mediante el recurso de certiorari KLCE- 2006-01749 y revocar la sentencia apelada en el caso KLAN-2007-00399.
I
El 25 de febrero de 2005, la Sra. Díaz Sanabria presentó demanda ante el TPI contra el Banco Popular de Puerto Rico (en adelante Banco Popular o demandado), la señora Rosalyn Ayala Nieves (en adelante Sra. Ayala Nieves o demandada), la sociedad legal de gananciales que esta última compone con el Sr. Juan Díaz Sanabria, hermano de la demandante, y otros demandados. Al inicio de este pleito, la Sra. Díaz Sanabria era tutora legal de su padre, el señor Juan Antonio Díaz Pintor (en adelante Sr. Díaz Pintor). Este último falleció durante el transcurso del pleito y este tribunal ordenó la sustitución de partes el 13 de septiembre de 2007. La Sra. Díaz Sanabria actualmente comparece como miembro y representante de la Sucesión de Juan Antonio Díaz Pintor.
En la demanda presentada ante el TPI se alegó que el Banco Popular permitió que la Sra. Ayala Nieves realizara unos retiros de la cuenta de ahorros del Sr. Díaz Pintor sin estar autorizada. La Sra. Díaz Sanabria solicitó el resarcimiento de la cantidad que entiende fue retirada de la cuenta del Sr. Díaz Pintor, así como daños causados a su persona debido a la alegada actuación negligente del Banco Popular.
*1128 En la demanda se adujo que como parte de los trámites iniciales para la petición de la tutela del Sr. Díaz Pintor, la Sra. Díaz Sanabria requirió al Banco Popular de Puerto Rico el estado mensual de una cuenta de ahorros que tenía su padre en dicha institución. Según la demandante, cuando ésta realizó un análisis sobre los estados de cuentas se percató que las mismas reflejaban unos 16 retiros desautorizados entre los años 2002 al 2003. La demandante señaló que la diferencia en el balance de la cuenta era de unos $10,904 y que solicitó una investigación sobre el particular al Banco Popular.
Se planteó además en la demanda que el Banco Popular, mediante comunicaciones enviadas a la demandante entre el 8 de enero al 20 de abril de 2004, informó que todos los retiros registrados se encontraban firmados por el Sr. Díaz Pintor y que todos llevaban una firma muy similar a la registrada en el Banco para la cuenta de referencia. Según la demandante, en esas comunicaciones, el Banco informó además que realizó entrevistas a los pagadores que trabajaron las transacciones en controversia y que éstos aseguraron que los retiros se efectuaron en presencia del Sr. Díaz Pintor.
Luego de varios trámites procesales, el 13 de enero de 2006, el Banco Popular presentó su contestación al interrogatorio que le enviara la parte demandante. La Sra. Díaz Sanabria presentó el 20 de marzo de 2006 una moción para objetar las contestaciones emitidas por el Banco Popular. Con el fin de aclarar las objeciones hechas por la demandante, el 13 de septiembre de 2006, Banco Popular presentó una contestación suplementaria a los interrogatorios. Pero la Sra. Díaz Sanabria nuevamente objetó las contestaciones del Banco el 2 de octubre de 2006 mediante “Moción Urgente en Auxilio de Jurisdicción Segunda Moción Objetando la Contestaciones a Interrogatorio... ”. La demandante presentó el 9 de noviembre de 2006 otra “Moción Urgente en Auxilio del Tribunal...”. Mediante dicha moción se volvió a objetar las contestaciones suplementarias del interrogatorio enviado al Banco Popular. El TPI emitió orden el 17 de noviembre de 2006 mediante la cual se denegó la “Moción Urgente en Auxilio del Tribunal” presentada por la demandante. Sobre esa orden se acudió ante este, foro mediante recurso de certiorari en el caso KLCE-06-01749.
El Banco Popular había presentado una moción de sentencia sumaria el 17 de febrero de 2006. El 13 de abril de 2006, el TPI concedió prórroga hasta el 15 de mayo de 2006 a la demandante para contestar la moción de sentencia sumaria. Dicha moción de sentencia sumaria fue contestada por la demandante el 30 de enero de 2007. El 13 de febrero de ese año, el TPI celebró otra vista sobre el estado de los procedimientos. A esa vista no compareció la demandante ni su representación legal quien luego justificó su ausencia por alegados problemas de salud. Fue entonces cuando el TPI decidió desestimar la demanda basado en la Regla 39.2 (a) de Procedimiento Civil. El tribunal indicó en la sentencia que decretaba la desestimación por incumplimiento de las órdenes del Tribunal, por incomparecencia a la última vista celebrada, y por no haber respondido a las mociones radicadas por la parte demandada, Banco Popular de Puerto Rico, en virtud de las disposiciones de la Regla 39.2 de Procedimiento Civil. Surge de la minuta de la vista celebrada el 13 de febrero de 2007 que también se decretó la desestimación del caso por la parte demandante "... no oponerse a las mociones del Banco Popular por no cumplir con la orden del 17 de enero... ”.
De otra parte, el 21 de febrero de 2006 se había celebrado vista sobre el estado de los procedimientos. En esa vista se anotó la rebeldía a la Sra. Ayala Nieves por no contestar en nueve meses la demanda. Pero el TPI levantó la rebeldía ese mismo día porque luego de revisar el expediente se percató que no había copia del emplazamiento diligenciado a la Sra. Ayala Nieves. El 8 de mayo de 2006, el tribunal notificó que se daba por enterado que la Corporación de Servicios Legales no era representante legal de la Sra. Ayala Nieves. Fue entonces cuando el TPI otorgó a la demandada quince días para que informara sobre la representación legal y contestara la demanda. El 7 de junio de 2006, el tribunal otorgó diez días adicionales a la Sra. Ayala Nieves para contestar la demanda. Posteriormente, el término se volvió a extender hasta el 20 de julio de 2006. Finalmente, la Sra. Ayala Nieves contestó la demanda el 8 de noviembre de 2006. En la contestación a la demanda, la Sra. Ayala Nieves planteó que había hecho un acuerdo verbal con el Sr. Díaz Pintor previo a la pérdida de las capacidades mentales de éste. Alegó que ese acuerdo consistía en el compromiso por parte de la *1129 demandada de realizar ciertos pagos y retiros de dinero por encargo del Sr. Díaz Pintor con fondos provenientes de su cuenta en el Banco Popular a través de su chequera.
II
En el recurso de apelación presentado en el caso KLAN-2007-00399, la Sra. Díaz Sanabria nos señala que el TPI cometió los siguientes errores:

“Erró el Honorable Tribunal de Primera Instancia y cometió claro abuso de discreción al dictar una sentencia de desistimiento amparada en la Regla 39.2(a) de Procedimiento Civil, y sancionar a la parte demandante con tan drástica sanción alegando que el representante legal no fue a una vista de estado de los procedimientos.

Erró el Honorable Tribunal de Primera Instancia y cometió claro abuso de discreción al sancionar a la parte demandante con tan drástica sanción alegando que el representante legal no fue a una vista de estado de los procedimientos sin darle la oportunidad a éste de mostrar causa por su incomparecencia. ”

III
Nuestro ordenamiento jurídico favorece que los casos se ventilen en sus méritos, que todo litigante tenga su día en corte y que la parte no sea perjudicada por los actos u omisiones de su abogado. Rivera et al. v. Superior Pkg. Inc., 132 D.P.R. 115 (1992). Esto no significa que se permita que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre. Dávila v. Hospital San Miguel, Inc., 117 D.P.R. 807 (1986).
Las Reglas de Procedimiento Civil confieren discreción al TPI para que emita sanciones por la falta de cumplimiento de sus órdenes. Sin embargo, al momento de ejercer esta discreción y determinar cuál es la sanción apropiada para los casos de incumplimiento o abandono en el trámite procesal, el tribunal debe establecer un balance entre su obligación de velar que los pleitos se ventilen sin demora y el derecho de todo litigante a tener su día en corte y que sus reclamos sean adjudicados en sus méritos. Amaro González v. First Fed. Savs., 132 D.P.R. 1042 (1993).
La Regla 39.2 (a) de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2, establece que:

“(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él o la eliminación de las alegaciones, según corresponda. ”

Cuando se trate de un primer incumplimiento, la severa sanción de. la desestimación de la demanda o la eliminación de las alegaciones, tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado de la parte de la situación y se le haya concedido oportunidad para responder. Si el abogado de la parte no respondiese a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.
En reiteradas ocasiones, el Tribunal Supremo de Puerto Rico ha dictaminado que como primera alternativa ante el incumplimiento y descuido procesal de una parte, el tribunal debe primero imponer sanciones económicas a la parte, al abogado o a ambos, previo a adoptar una disposición que pueda tener el efecto de privarla de su día en corte. Imp. Vilca, Inc. v. Hogares Crea Inc., 118 D.P.R. 679 (1986) En el caso de *1130 Maldonado v. Secretario del Departamento de Recursos Naturales, 113 D.P.R. 494 (1982), el Tribunal Supremo estableció cuándo es que procede la desestimación como sanción. En este caso, el Tribunal estableció lo siguiente:

“No hay duda de que los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente. Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan solo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. ”

El tribunal puede imponer sanciones a iniciativa propia, cuando la conducta de la parte vaya en perjuicio de la eficiente administración de la justicia. Lluch v. España Service Station, 117 D.P.R. 729 (1986). Para proteger a las partes de las actuaciones de su abogado que se entienda sean negligentes, procede imponer sanciones al abogado en primer término. Pero, en los casos extremos en que la irresponsabilidad o contumacia de la parte es evidente, procede imponer sanciones contra ésta. Amaro González, v. First Federal Savings Bank, 132 D.P.R. 1042 (1992)
El Tribunal Supremo ha expresado además que:
“Al interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia y sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para lograr impartir justicia al resolver los reclamos de las partes, el tribunal deberá hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución justa, rápida y económica de la controversia. ” Dávila v. Hospital San Miguel, Inc., 117 D.P.R. 807, 816 (1986).
Los tribunales deben ejercer con cuidado y apropiadamente la facultad que Ies confieren las Reglas de Procedimiento Civil para desestimar un pleito o eliminar cualquier alegación. Fernández. Sánchez, v. Fernández. Rodríguez, 120 D.P.R. 422, 425 (1988). La desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y “después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento”. Ramírez, de Arellano v. Srio. de Hacienda, 85 D.P.R. 823 (1962), “...la desestimación, como sanción es una medida sumamente drástica a la que sólo debe acudirse en casos extremos en los que no exista duda sobre la irresponsabilidad de la parte así sancionada....”. Sierra Quiñones et al. v. Rodríguez. Luciano, 163 D.P.R. 738(2005).
IV
Por estar relacionados, discutiremos ambos errores señalados en el recurso de apelación de manera simultánea. En el presente caso nos toca resolver si la sanción impuesta por el TPI de desestimar la causa de acción de la Sra. Díaz Sanabria fue apropiada. El TPI, en la sentencia emitida el 7 de marzo de 2007, señaló que se decretaba el desistimiento de la presente causa de acción y se ordenaba el archivo del caso. Debemos aclarar que por haber hecho referencia a la Regla 39.2 de Procedimiento Civil y tomando en consideración las solicitudes de desestimación presentadas por los demandados, entendemos que se trató de una desestimación en lugar de un desistimiento como lo denominó el TPI.
Entre las razones para desestimar que el TPI mencionó en la sentencia apelada estuvo el hecho de que ni la *1131 demandante ni su abogado hubiesen comparecido a la vista señalada del 13 de febrero de 2007. De un análisis sobre los hechos de este caso se hace notable que la demandante ha sido diligente con su causa de acción. La representación legal de la demandante acudió a todas las vistas que se habían celebrado con anterioridad a la vista del 13 de febrero de 2007. Esa fue la única ocasión en que la demandante no compareció a una vista, por lo que entendemos que se impuso una sanción muy severa para la referida conducta.
De otra parte, también se mencionó en la sentencia apelada como otra de las razones para haber desestimado la acción, el incumplimiento con órdenes del Tribunal. Sin embargo, no se discutió en la sentencia a qué órdenes se refería el TPI o en qué se basó el alegado incumplimiento. Surge de la minuta de la vista del 13 de febrero de 2007 que en la misma se hizo referencia al incumplimiento de una orden emitida el “17 enero”. El TPI no hizo mención de la fecha completa de esa orden, ni del asunto sobre el que trataba la misma. Tampoco se explica en qué consistió el alegado incumplimiento.
También se desprende de la minuta de la vista del 13 de febrero de 2007 que otra de las razones para la desestimación fue por la demandante “no oponerse a las mociones del Banco Popular. ” Sobre ese particular el TPI tampoco indica con claridad a qué mociones se refiere. Asumimos que el tribunal se refiere al atraso por parte de la demandante en presentar su oposición a una moción de sentencia sumaria presentada por el Banco Popular. Debemos señalar que aunque la demandante haya presentado su oposición fuera del término concedido como prórroga para contestar, esa actuación tampoco constituye una razón justificada para haber impuesto la sanción de desestimar la causa de acción.
La sanción de desestimar una causa de acción a tenor con la Regla 39.2 de Procedimiento Civil es una acción tan drástica que no puede emitirse a no ser que se hayan agotado otros remedios. Como discutimos en la exposición del derecho aplicable, al considerar una solicitud de desestimación, se debe examinar la totalidad de las circunstancias procesales y analizar si existen otras alternativas antes de imponer la desestimación. Conforme establece la Regla 39.2 (a) de Procedimiento Civil, el TPI debió, en primer lugar, apercibir a la representación legal de la demandante sobre la situación y concederle término para responder. Luego de que se informara a la demandante de la situación y de sus consecuencias, el tribunal debió conceder un término de tiempo razonable para corregir la situación, que no fuera menor de 30 días. El Juez del TPI tiene un margen de discreción para decidir qué tipo de sanciones impone. Pero lo cierto es y la jurisprudencia así lo ha sostenido, que éste debe regirse por un grado de razonabilidad antes de privar a una parte de defender su causa de acción ante los tribunales.
En este caso, el TPI no fue claro en la exposición de las razones por las cuales decidió desestimar la demanda. Entendemos que las razones expuestas en la sentencia no son suficientes ni justificadas. Luego de analizar el historial procesal del caso, podemos concluir que no ha existido un patrón de desidia o temeridad por parte de la demandante como para que se le prive de su derecho a discutir su caso en los méritos. Si el TPI entendía que la demandante había incumplido con algunas órdenes por las cuales ameritaba ser sancionada, lo correcto debía ser agotar primero otros recursos dispuestos en nuestro ordenamiento para ese fin. La autoridad conferida a los tribunales para imponer sanciones no es un ejercicio liviano, y la misma debe ejercerse juiciosa y mesuradamente. Al sopesar los derechos en discusión, la balanza ha de inclinarse siempre a favor del derecho del litigante a que sus reclamos se ventilen en los méritos, puesto que nuestro ordenamiento procesal tiene como razón de ser el hacer justicia y promover la resolución de los pleitos en sus méritos.
Y
En el recurso de certiorari KLCE-2006-01749 presentado ante nos, la Sra. Díaz Sanabria planteó que se cometieron los siguientes errores:

“Erró el Honorable Tribunal de Primera Instancia y cometió claro abuso de discreción al levantarle la anotación de rebeldía a la codemandada Roselyn Ayala Nieves; negarse a anotarle la rebeldía a la 
*1132
codemandada Roselyn Ayala; concederle prácticamente más de cuatro prórrogas a ésta para contestar la demanda radicada luego de más de un año de haberse radicado la demanda; una prórroga adicional a ésta para contestar la demanda radicada luego de dos años de haberse radicado la demanda, y suspender la vista señalada a petición de dicha codemandada.

Erró el Honorable Tribunal de Primera Instancia y cometió claro abuso de discreción al declarar No Ha Lugar la Moción Urgente en Auxilio de Jurisdicción objetando las contestaciones al interrogatorio cursado, solicitando sanciones y que se ordenara la debida contestación de las preguntas formuladas. ”

VI
La Regla 45.1. de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 45.1, dispone que:

“Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía. ”

El tribunal a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2(b)(3).
Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.
El tribunal tiene discreción para dejar sin efecto la anotación de la rebeldía siempre que exista causa justificada. Regla 45.3 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 45.3. La jurisprudencia ha identificado los requisitos esenciales para el ejercicio de esta discreción. Entre éstos figuran: la existencia de una buena defensa en los méritos, que la reapertura no ocasione perjuicios y que las circunstancias del caso no revelen un ánimo contumaz o temerario de la parte a quien le fue anotada la rebeldía. J.R.T. v. Missy MFG. Corp., 99 D.P.R. 805, 811 (1971) En el citado caso de J.R.T. v. Missy Mfg. Corp., el Tribunal Supremo expresó, en relación con la Regla 45 de Procedimiento Civil, que:

“El objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación diligente de los casos. ”

Cuando, como en este caso, se aduce una buena defensa y la reapertura no ocasiona perjuicio alguno, constituye un claro abuso de discreción denegarla. Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos, a menos que las circunstancias del caso sean de tal naturaleza que releven un ánimo contumaz o temerario por parte del querellado.
De otro lado, existe una tendencia a facilitar el descubrimiento de prueba en el procedimiento civil de forma tal que se coloque al juzgador en la mejor posición para que resuelva adecuadamente. Ward v. Tribunal Superior, 101 D.P.R. 865 (1974). Un amplio y adecuado descubrimiento de prueba antes del juicio facilita la tramitación de los pleitos y evita los inconvenientes, sorpresas e injusticias, que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio.
La Regla 23.1 (a) dispone que el alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:

*1133
“Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. ”

El concepto de pertinencia en esta etapa es más amplio que el utilizado con relación a la admisibilidad de la prueba y basta que exista una posibilidad razonable de relación al asunto en controversia. Medina v. MS & D Química PR Inc., 135 D.P.R. 716 (1994). El descubrimiento de prueba en casos civiles debe ser amplio y liberal. Ades v. Zalman, 115 D.P.R. 514 (1984); Rivera Alejandro v. Algarín, 112 D.P.R. 830 (1982). El criterio de pertinencia incluye todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito, aunque no estén relacionados con las controversias específicas que han sido esbozadas por las alegaciones. Incluso se permite la entrega de materia que sería inadmisible en el juicio, si ésta conduce a prueba admisible. Estado Libre Asociado v. Casta Dev. S.E., 162 D.P.R. 1 (2004).
Sobre el mecanismo de los interrogatorios, se ha reconocido que éstos se refieren a “materia pertinente" cuando solicitan información sobre alguno de los siguientes extremos:
“(1) prueba que sea admisible en el juicio; (2) hechos que puedan servir para descubrir evidencia admisible; (3) datos que puedan facilitar el desarrollo del proceso; (4) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (5) datos que puedan servir para impugnar la credibilidad de los testigos; (6) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; y (7) nombres de los testigos que la parte interrogada espera utilizar en el juicio. ” Sierra v. Tribunal Superior, 81 DPR 554, (1959).
De ordinario, los tribunales revisores no intervienen con el manejo de los casos atendidos por el TPI salvo que se demuestre que hubo abuso de discreción o que el tribunal actuó con prejuicio, parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esta etapa evitará un perjuicio sustancial. Zorniak Air Services v. Cessna Aircraft Co., 132 D.P.R. 170 (1992).
La Regla 34 de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R. 34, autoriza la imposición de sanciones como el desacato civil y las sanciones económicas contra aquellos litigantes que se niegan a descubrir la prueba que se les solicita. Esta regla establece en lo pertinente:
“Cuando una parte se negare a descubrir lo solicitado, la parte promovente de una moción bajo esta regla, mediante notificación razonable a todas las partes a quienes pudiera'afectar, podrá requerir del tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado según se dispone a continuación... c) Respuesta evasiva o incompleta. Para los propósitos de este apartado, una respuesta evasiva o incompleta se considerará como si se dejare de contestar lo solicitado. ”
Si se declarare sin lugar la moción, el tribunal, después de dar a las partes la oportunidad de ser oídas, impondrá a la parte promovente o al abogado que la aconsejó, o a ambos, el pago a la parte o deponente que se opuso a la moción, del importe de los gastos razonables incurridos en la oposición a la moción, incluyendo honorarios de abogado, a menos que el tribunal determine que existía justificación válida para presentar la moción, o que dentro de las circunstancias, el pago de los gastos resultaría injusto.
Por su parte, la Regla 34.2 de Procedimiento Civil, 32 L.P.R.A, Ap. Ill, R. 34.2, establece en lo pertinente:

“a) Desacato. Si cualquier deponente rehusare prestar juramento o se negare a contestar alguna pregunta 
*1134
después de haber el tribunal ordenado que lo hiciere, la negativa podrá ser considerada como desacato.

b) Otras consecuencias. Si una parte...dejare de cumplir una orden para llevar a cabo o permitir descubrimiento de prueba, incluyendo una orden bajo la Regla 34.1 y bajo la Regla 32, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que fueren justas, y entre ellas, las siguientes:

1) una orden al efecto de que las materias comprendidas en las órdenes antes mencionadas o cualesquiera otros hechos designados por el tribunal, sean considerados como probados a los efectos del pleito, de conformidad con la reclamación de la parte que obtuvo la orden;

...3) una orden eliminando alegaciones o parte de las mismas, o suspendiendo todos los procedimientos posteriores hasta que la orden sea acatada, o desestimando el pleito o procedimiento o cualquier parte de los mismos, o dictando una sentencia en rebeldía contra la parte que incumpliere;

...6) una orden, bajo las condiciones que estimare justas, imponiendo a cualquier parte, testigo o abogado, una sanción económica como resultado de sus actuaciones. ”

En el caso de Vicenti v. Saldaña, 157 D.P.R. 37 (2002), el Tribunal Supremo reafirmó que: “el tribunal también tendrá amplia facultad para, ante la negativa de cumplir con sus órdenes, eliminar alegaciones y defensas, sancionar económicamente a la parte o a su representante legal o a ambos y dictar sentencia en rebeldía. ”
VII
En el primer error señalado en el recurso de certiorari, la Sra. Díaz Sanabria cuestiona la discreción del TPI al levantar la anotación de la rebeldía anotada a la Sra. Ayala Nieves; la negativa de anotarle una nueva rebeldía; la concesión de varias prórrogas y la suspensión de una vista señalada. La demandada, desde el inicio de esta acción, informó al TPI sobre su situación de indigencia y sobre las gestiones que estaba realizando para conseguir una representación legal. Esta mantuvo al tribunal informado de esa circunstancia personal mediante mociones por derecho propio y personalmente en una vista celebrada el 15 de septiembre de 2006. La demandada advino en conocimiento de que la Corporación de Servicios Legales no le brindaría representación legal el 8 de mayo de 2006 cuando el TPI emitió orden para que ésta anunciara nueva representación legal. No fue sino hasta noviembre de 2006 que se informó que la Clínica de Asistencia Legal de la Escuela de Derecho de la Universidad de Puerto Rico brindaría representación legal a la demandada.
Como mencionamos, el tribunal levantó la rebeldía impuesta a la Sra. Ayala Nieves en la vista celebrada el 21 de febrero de 2006 debido a que del expediente del TPI no surgía evidencia del emplazamiento diligenciado a la Sra. Ayala Nieves. Si la demandante no pudo evidenciar oportunamente que el TPI tenía jurisdicción sobre la Sra. Ayala Nieves, ésta no podría pretender que se anotara la rebeldía. De otra parte, las prórrogas otorgadas tuvieron el único propósito de brindar la oportunidad a que la Sra. Ayala Nieves obtuviese una representación legal. Como señalamos, en los casos donde se solicita la anotación de rebeldía, el tribunal tiene que asegurarse de que la parte que podría verse afectada ha comparecido previamente, se le ha notificado y brindado oportunidad de asistir a la vista para que presente sus defensas. En este caso, aunque, claramente, las circunstancias personales de la demandada han retrasado el proceso, sus defensas sobre las incomparecencias han sido meritorias y no han reflejado un ánimo temerario. Debemos recalcar que los tribunales, en aras de salvaguardar el debido proceso de ley, deben asegurarse de que todas las partes, entre otras cosas, entiendan el proceso y cuenten con una representación legal adecuada. La actuación del TPI fue razonable, puesto que la demandada había demostrado que no se encontraba preparada para defenderse adecuadamente. Por tal razón, entendemos que no se cometió el primer error señalado.
En el segundo error señalado en el recurso de certiorari, la demandante señaló que el TPI abusó de su *1135 discreción por denegar una moción en auxilio de jurisdicción la cual objetaba las contestaciones al interrogatorio cursado al Banco Popular. Como expusimos, las Reglas de Procedimiento Civil le conceden facultad al tribunal para efectuar acciones dirigidas a lograr que las partes cumplan con brindar la información que se les solicite en el descubrimiento de prueba. A esos efectos, el tribunal tiene amplia facultad para dictar todas las acciones que entienda sean necesarias a fin de proteger a las partes o a los testigos contra los métodos que utilicen para obtener información que causen molestias, gastos innecesarios, obstáculos u opresión. Sierra v. Tribunal Superior, 81 D.P.R. 554 (1959).
En la moción urgente en auxilio de jurisdicción que denegó el TPI, la demandante había señalado cuáles eran sus objeciones a las contestaciones que el Banco Popular hiciera a los interrogatorios. Como señalamos, de ordinario, no debemos intervenir con el manejo de los casos atendidos por el TPI, salvo que se demuestre que hubo abuso de discreción o que el tribunal actuó con prejuicio, parcialidad, o que se equivocó en la interpretación o aplicación de una norma procesal o de derecho sustantivo, y que la intervención en esta etapa evitará un perjuicio sustancial.
Luego de analizar la moción que fue denegada por el TPI, entendemos que es necesario ordenar al demandado Banco Popular modificar la misma para contestar algunas de las preguntas que fueron cursadas por la demandante en el interrogatorio que le sometió. Consideramos que algunas de las contestaciones provistas por el Banco Popular no son responsivas y tratan sobre información a la que el demandado puede acceder con facilidad, la cual pudiera resultar pertinente para la dilucidación de esta controversia.
A continuación detallaremos las preguntas que fueron objetadas por la Sra. Díaz Sanabria, las cuales entendemos deben ser contestadas por el Banco Popular.
Pregunta Número Cinco:

“Señale si usted tiene conocimiento de la carta suscrita y enviada por la Sra. Annie Serrano, Oficial de la División Legal, en representación del Banco Popular en fecha de 20 de abril de 2004 y de contestar en la afirmativa conteste y mencione específicamente:

a) Nombre y dirección de todos y cada uno de los pagadores que el banco alega haber entrevistado.

b) Contenido de las entrevistas efectuadas incluyendo preguntas y respuestas.

c) Tiempo de duración de cada una de las entrevistas.

d) En cuántos de los retiros en que se solicitó investigación fueron efectuados a través del pagador Kenneth Canales, pagador 15. ”

Contestación del Banco Popular:

“Si tengo conocimiento. La información referente a los pagadores que negociaron los cheques y/o hojas de retiro referentes a las cuentas de cheques y ahorros del Sr. Díaz Pintor, pueden ser identificados por el número de su sucursal y número de cajero, identificado en la parte de arriba del sello, al dorso de cada cheque-retiro. Referente a la información solicitada en la pregunta 5 del interrogatorio, la parte demandada procederá a recopilar dicha información y proveérsela a la parte demandante a la brevedad posible. ”

Contestación suplementaria del Banco Popular:

“a) Kenneth Canales. De necesitar comunicarse con éstos, los trámites deben hacerse a través de la 
*1136
representación legal del BPPR, por lo que la dirección no será provista.

b) No existe un registro de las preguntas y contestaciones efectuadas en las entrevistas.

c) Refiérase a la contestación del inciso anterior.

d) La información solicitada está disponible en la copia de los cheques y retiros efectuados en la cuenta de ahorros número 459-088218. ”

Coincidimos con la objeción señalada por la Sra. Díaz Sanabria referente a que es necesario que el demandado provea la dirección de los pagadores entrevistados, los cuales en su día podrían servir de testigos. Tampoco el demandado brindó la información requerida sobre el contenido de la entrevista que alegadamente se realizó al Sr. Kenneth Canales ni cuántos fueron los retiros efectuados a través de ese pagador. El Banco Popular debe proveer los nombres y direcciones de todos los pagadores entrevistados como parte de su investigación.
Pregunta Número Diez:

“Diga si el Banco Popular se ha visto envuelto en otras acciones como la presente; de contestar en la afirmativa enumere las mismas, las sentencias y/o arreglos si alguno que se llevaron a cabo en éstas y señale los números de cada caso y el Tribunal donde se llevaron a cabo. ”

Contestación del Banco Popular:

“Se objeta este interrogatorio en la medida en que la misma es irrelevante al presente caso. ”

Contestación Suplementaria del Banco Popular:

“Sí. La otra información solicitada puede ser obtenida en los tribunales por ser éstos documentos públicos. ”

La información solicitada en la citada pregunta puede servir para el descubrimiento de evidencia que sea admisible. Tal como discutimos anteriormente, el concepto de pertinencia en esta etapa de los procedimientos es más amplio y puede abarcar información que aunque se entienda pueda ser irrelevante, puede llevar a la parte que la solicita a descubrir información pertinente para su caso. El demandado debe proveer información sobre otros casos similares que hayan ocurrido en el Banco y proveer información sobre sentencias y/o arreglos que se llevaran a cabo. Esa información debe señalar el número de caso y el tribunal donde se trataron.
Pregunta Número Catorce:

“Suministre el nombre y dirección de los testigos que pretenden utilizar en la vista en su fondo en este caso y haga un breve resumen de lo que se propone declarar cada uno. ”

Contestación del Banco Popular:

“Al momento nos encontramos en el proceso de identificar los mismos, por lo que una vez se haya culminado dicho proceso, la información de éstos será provista. ”

Contestación Suplementaria del Banco Popular:

“Kenneth Canales — Declarará sobre las transacciones que atendió relacionadas a la reclamación de epígrafe. 
*1137
Además indicará cuál es el proceso utilizado para el retiro de las cuentas bancarias.

Arleen Pabón - Declarará sobre las transacciones que atendió relacionadas a la reclamación de epígrafe. También testificará sobre su conocimiento personal de la presencia física del Sr. Juan Díaz Pintor en el momento en que se efectuaron los retiros en la cuenta de ahorros número 459-088218.

De surgir algún testigo adicional, se informará prontamente de conformidad con las Reglas de Procedimiento Civil. ”

Nuevamente, el demandado no brindó información sobre la dirección de los testigos. No existe justificación para no proveer la información solicitada, puesto que debe ser una conocida por el Banco y de fácil acceso para el demandado.
Sobre las preguntas 6, 8 y 16, las cuales fueron igualmente objetadas, no vamos a emitir ninguna orden, puesto que entendemos que las contestaciones provistas por el Banco Popular son adecuadas. De igual manera, entendemos que las preguntas 9 y 17 no son concretas, por lo que el demandado no tiene nada que proveer respecto a las mismas.
VIII
Por los fundamentos antes expuestos, en el caso KLAN-2007-00399 se revoca la sentencia emitida por el TPI el 7 de marzo de 2007. Se modifica y confirma la orden recurrida mediante el recurso de certiorari KLCE-2006-01749 y se ordena continuar con los procedimientos en el TPI a tenor con lo aquí expresado.
Regístrese y notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Lie. María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones